

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 12, 1993

Honorable O. H. "Ike" Harris
Chair
Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-243

Re: Whether a person who provides "common workers" to "third party users" under V.T.C.S. article 5221a-10 is an employer for purposes of providing workers' compensation and unemployment insurance (RQ-540)

Dear Senator Harris:

Article 5221a-10, V.T.C.S. (the "act"), adopted in 1991, imposes licensing and other requirements on persons who provide "common workers" to "third party users." Acts 1991, 72d Leg., ch. 480, at 1708. You ask whether a such a person is the "employer" of a common worker for purposes of providing workers' compensation and unemployment insurance. You ask this question with respect to two time periods: September 1, 1991 to December 31, 1991, and January 1, 1992 to the present. We conclude that a person who provides "common workers" to "third party users" is an employer of such common workers under the act and is responsible for providing workers' compensation and unemployment insurance during both time periods, to the extent required of employers by other law.

Before answering your question, we briefly examine the act's provisions. Section 2 of the act provides in pertinent part:

DEFINITIONS. In this Act:

. . . .

(2) "Common worker" means an individual who performs labor involving physical tasks that do not require a particular skill, training in a particular occupation, craft, or trade, or practical knowledge of the principles or processes of an art, science, craft, or trade.

. . . .

(8) "Temporary common worker agent" or "temporary common worker agency" means a temporary common worker employer.

(9) *"Temporary common worker employer" means a person that provides common worker employees to a third party user.*

(10) "Third party user" means a person who uses the services of a common worker provided by a temporary common worker employer. [Emphasis added.]

Section 4 provides that a person must have a license to operate as a "temporary common worker employer" in the state. Section 5 provides for the issuance of licenses by the Department of Licensing and Regulation. Section 6 places various duties and restrictions on "license holders." It limits the charges that may be imposed on common workers and the deductions that may be made from their wages; establishes conditions for the premises on which common workers wait for assignments; provides that the license holder is an "employer"; and establishes record keeping requirements.

Section 7 exempts certain entities from the requirements of the act, including "temporary skilled labor agencies," "employee leasing entities," "labor union hiring halls" and governmental programs. Section 8 governs concurrent regulation of license holders by municipalities or other governmental subdivisions. Section 9 provides for annual license renewal. Section 10 provides penalties for violations of the act and administrative rules or orders adopted thereunder.

Sections 11 and 12, which appear to have prompted your request, govern the effective dates of different parts of the act. Section 11 provides that "a person is not required to obtain a license" until January 1, 1992, and that the department must adopt rules for administering the act by that date.[1] Section 12 provides that the act takes effect September 1, 1991, "except that sections 4 and 10 take effect January 1, 1992."

With respect to your questions, we first address the time period January 1, 1992 to the present. We conclude that a person who operates as a "temporary common worker employer," *i.e.*, a person who provides common worker employees to a third party user, is the employer of the common worker employees for this period. This is the clear import of subsection (f) of section 6, which provides:

> A license holder is the employer of the common worker. A license holder may hire, reassign, control, direct, and discharge the license holder's employees.

Section 4 of the act prohibits a person who operates as a temporary common worker employer from doing so without a license. Thus, we conclude that a temporary common worker employer has all of the responsibilities to his employees attendant with the employer/employee relationship, including the obligation to provide workers' compensation or unemployment insurance to the extent imposed on employers by other law. *See, e.g.*, V.T.C.S. art. 8308-3.23 ("employer" election to obtain workers' compensation coverage for employees); art. 5221b-5 ("employer" unemployment insurance contributions).

---

[1]Subsection (c) of section 11 states that it "expires February 1, 1992."

Our conclusion is no different for the time period from September 1, 1991 to December 31, 1991. Section 11 delays the effective date of section 4, the provision which requires a person who operates as a "temporary common worker employer" to obtain a license, and section 10, the provision which provides criminal penalties for violations of the act. It does not delay the effective date of any other provision, including the various requirements set forth in section 6. As noted above, under section 6, subsection (f), a license holder, a person who operates as a "temporary common worker employer," is the employer of the common worker employees which he or she provides to third party users. We believe that such a person was an employer during this time period even though he or she was not required to obtain a license until January 1, 1992, and therefore may not have had a license and been a license holder until that date. The requirements of section 6 are obviously intended to apply to all persons who operate as "temporary common worker employers," not just those who have obtained licenses. This reading is consistent with section 1 of the act which declares that it is "necessary to provide for the health, safety and welfare of workers throughout the state" and that the act "shall be carried out in accordance with this purpose."[2]

Accordingly, we conclude that since September 1, 1991, a person who has provided common workers to third party users has been the "employer" of those common workers under article 5221a-10, V.T.C.S., regardless whether he or she obtained a license as required by the act. Therefore, such a person has been responsible for providing workers' compensation and unemployment insurance from September 1, 1991 to the present, to the extent required of employers by other law.

---

[2]Were we to hold that a temporary common worker employer was not an employer during the period September 1, 1991 to December 31, 1991, because he was not a license holder, the effect would be to except persons who are required to obtain licenses but have failed to comply with the law from the act's substantive requirements, particularly those set forth in section 6. Such a conclusion would be contrary to the letter and the spirit of section 1 of the act.

## S U M M A R Y

Since September 1, 1991, a person who has provided common workers to third party users has been the "employer" of those common workers under V.T.C.S. article 5221a-10, regardless whether he or she obtained a license as required by the act. Such a person has been responsible for providing workers' compensation and unemployment insurance from September 1, 1991 to the present, to the extent required of employers by other law.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter and James Tourtelott
Assistant Attorneys General